MICHELE BEAL BAGNERIS, City Attorney
    State Bar No. 115423
    mbagneris@cityofpasadena.net
ARNOLD F. LEE, Chief Assistant City Attorney
    State Bar No. 278610
    aflee@cityofpasadena.net
AARON K. GANSER, Deputy City Attorney
    State Bar No. 329337
    aganser@cityofpasadena.net
100 N. Garfield Avenue, Suite N210
Pasadena, CA 91101
Tel.: (626 744-4141 / Fax: (626) 744-4190

Attorneys for Defendants, City of Pasadena California and
Officer Palacios

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LEVINE,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF PASADENA CALIFORIA; OFFICER PALACIOS; OFFICER ALETORRE; and DOES 1 to 30, inclusive,<br><br>    Defendants. | Case No.: 2:25-cv-06247-AJR<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>(Assigned to U.S. Magistrate Judge A. Joel Richlin) |

## 1.  **GENERAL**

    1.1    Purposes and Limitations.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective

- 1 -
STIPULATED PROTECTIVE ORDER

WK4WGB6C0D3QMT

1  Order.  The parties acknowledge that this Order does not confer blanket protections

2  on all disclosures or responses to discovery and that the protection it affords from

3  public disclosure and use extends only to the limited information or items that are

4  entitled to confidential treatment under the applicable legal principles.  The parties

5  further acknowledge, as set forth in Section 12.3, below, that this Stipulated

6  Protective Order does not entitle them to file confidential information under seal;

7  Civil Local Rule 79-5 sets forth the procedures that must be followed and the

8  standards that will be applied when a party seeks permission from the court to file

9  material under seal.

10     1.2     Good Cause Statement.

11     In light of the nature of the claims and allegations in this case and the

12  parties' representations that discovery in this case will involve the production of

13  confidential records, police officer personnel files, materials protected by the

14  Official Information Privilege, materials protected by California law, as evidenced

15  inter alia by California *Penal Code* section 832.7 et seq., California *Evidence Code*

16  section 1040, et seq. and rights to privacy; and in order to expedite the flow of

17  information, to facilitate the prompt resolution of disputes over confidentiality of

18  discovery materials, to adequately protect information the parties are entitled to

19  keep confidential, to ensure that the parties are permitted reasonable necessary uses

20  of such material in connection with this action, to address their handling of such

21  material at the end of the litigation, and to serve the ends of justice, a protective

22  order for such information is justified in this matter. The parties shall not designate

23  any information/documents, as confidential without a good faith belief that such

24  information/documents have been maintained in a confidential, non-public manner,

25  and that there is good cause or compelling reason why it should not be part of the

26  public record in this case.

27  //

28  //

STIPULATED PROTECTIVE ORDER

WK4WGB6C0D3QMT

2.   **<u>DEFINITIONS</u>**

2.1    <u>Action</u>:  this pending federal lawsuit.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action

STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11  <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  **DURATION**

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant

- 4 -
STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

## 5.    DESIGNATING PROTECTED MATERIAL

   5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

   5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

STIPULATED PROTECTIVE ORDER

1    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
2    under this Order must be clearly so designated before the material is disclosed or
3    produced.
4        Designation in conformity with this Order requires:
5        (a) for information in documentary form (e.g., paper or electronic
6    documents, but excluding transcripts of depositions or other pretrial or trial
7    proceedings), that the Producing Party affix, at a minimum, the legend
8    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
9    contains protected material.  If only a portion or portions of the material on a page
10   qualifies for protection, the Producing Party also must clearly identify the
11   protected portion(s) (e.g., by making appropriate markings in the margins).
12   A Party or Non-Party that makes original documents available for inspection
13   need not designate them for protection until after the inspecting Party has indicated
14   which documents it would like copied and produced.  During the inspection and
15   before the designation, all of the material made available for inspection shall be
16   deemed "CONFIDENTIAL."  After the inspecting Party has identified the
17   documents it wants copied and produced, the Producing Party must determine
18   which documents, or portions thereof, qualify for protection under this Order.
19   Then, before producing the specified documents, the Producing Party must affix
20   the "CONFIDENTIAL legend" to each page that contains Protected Material.  If
21   only a portion or portions of the material on a page qualifies for protection, the
22   Producing Party also must clearly identify the protected portion(s) (e.g., by making
23   appropriate markings in the margins).
24       (b) for testimony given in depositions that the Designating Party
25   identify the Disclosure or Discovery Material on the record, before the close of the
26   deposition.
27       (c) for information produced in some form other than documentary
28   and for any other tangible items, that the Producing Party affix in a prominent

STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

1   place on the exterior of the container or containers in which the information is
2   stored the legend "CONFIDENTIAL."  If only a portion or portions of the
3   information warrants protection, the Producing Party, to the extent practicable,
4   shall identify the protected portion(s).

5        5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
6   failure to designate qualified information or items does not, standing alone, waive
7   the Designating Party's right to secure protection under this Order for such
8   material.  Upon timely correction of a designation, the Receiving Party must make
9   reasonable efforts to assure that the material is treated in accordance with the
10  provisions of this Order.

11

12  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13       6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a
14  designation of confidentiality at any time that is consistent with the Court's
15  Scheduling Order.

16       6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute
17  resolution process under Local Rule 37-1, <u>et</u> <u>seq</u>.  Any discovery motion must
18  strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

19       6.3    <u>Burden</u>.  The burden of persuasion in any such challenge proceeding
20  shall be on the Designating Party.  Frivolous challenges, and those made for an
21  improper purpose (e.g., to harass or impose unnecessary expenses and burdens on
22  other parties) may expose the Challenging Party to sanctions.  Unless the
23  Designating Party has waived or withdrawn the confidentiality designation, all
24  parties shall continue to afford the material in question the level of protection to
25  which it is entitled under the Producing Party's designation until the Court rules on
26  the challenge.

27  //

28  //

STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action

WK4WGB6C0D3QMT

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

STIPULATED PROTECTIVE ORDER

WK4WGB6C0D3QMT

whatever procedure may be established in an e-discovery order that provides for
production without prior privilege review.  Pursuant to Federal Rule of Evidence
502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
of a communication or information covered by the attorney-client privilege or
work product protection, the parties may incorporate their agreement in the
stipulated protective order submitted to the Court.

## 12.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of
any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this
Protective Order, no Party waives any right it otherwise would have to object to
disclosing or producing any information or item on any ground not addressed in
this Stipulated Protective Order.  Similarly, no Party waives any right to object on
any ground to use in evidence of any of the material covered by this Protective
Order.

12.3    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any
Protected Material must comply with Civil Local Rule 79-5.  Protected Material
may only be filed under seal pursuant to a court order authorizing the sealing of the
specific Protected Material at issue; good cause must be shown in the request to
file under seal.  If a Party's request to file Protected Material under seal is denied
by the Court, then the Receiving Party may file the information in the public record
unless otherwise instructed by the Court.

## 13.    FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request
by the Designating Party, each Receiving Party must return all Protected Material
to the Producing Party or destroy such material.  As used in this subdivision, "all

STIPULATED PROTECTIVE ORDER
WK4WGB6C0D3QMT

1   Protected Material" includes all copies, abstracts, compilations, summaries, and
2   any other format reproducing or capturing any of the Protected Material.  Whether
3   the Protected Material is returned or destroyed, the Receiving Party must submit a
4   written certification to the Producing Party (and, if not the same person or entity, to
5   the Designating Party) by the 60 day deadline that (1) identifies (by category,
6   where appropriate) all the Protected Material that was returned or destroyed, and
7   (2) affirms that the Receiving Party has not retained any copies, abstracts,
8   compilations, summaries or any other format reproducing or capturing any of the
9   Protected Material.  Notwithstanding this provision, counsel are entitled to retain
10  an archival copy of all pleadings, motion papers, trial, deposition, and hearing
11  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
12  reports, attorney work product, and consultant and expert work product, even if
13  such materials contain Protected Material.  Any such archival copies that contain
14  or constitute Protected Material remain subject to this Protective Order as set forth
15  in Section 4 (DURATION).

16

17  **14.    <u>VIOLATION OF ORDER</u>**

18          Any violation of this Order may be punished by any and all appropriate
19  measures including, without limitation, contempt proceedings and/or monetary
20  sanctions.

21

22  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23

24  DATED:  October 10, 2025              THE BELLI LAW FIRM
25

26                                        By: _____
27                                            MELVIN C. BELLI,
28                                        Attorneys for Plaintiff RANDY LEVINE

- 13 -
STIPULATED PROTECTIVE ORDER

DATED:  October 9, 2025

MICHELE BEAL BAGNERIS
 City Attorney
ARNOLD F. LEE
 Chief Assistant City Attorney
AARON K. GANSER
 Deputy City Attorney

By: ___/s/ Aaron K. Ganser_____
      AARON K. GANSER
      Deputy City Attorney
Attorneys for Defendants, City of Pasadena
California and Officer Palacios

DATED:  October 09, 2025

HURRELL CANTRALL LLP

By: ___/s/ Simon Mkrtychan_____
      THOMAS C. HURRELL
      SIMON MKRTYCHAN
Attorneys for Defendant, Officer Alatorre
(erroneously sued and served as Officer
Aletorre)

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _10/15/2025_____

_____
HON. A. JOEL RICHLIN
United States Magistrate Judge

- 14 -
STIPULATED PROTECTIVE ORDER

WK4WGB6C0D3QMT

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [**date**] in the case of Randy Levine v. City of Pasadena, et al., Case No. 2:25-cv-06247-AJR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

WK4WGB6C0D3QMT